Nott, Ch. J.,
delivered the opinion of the court:
This case comes before the court upon the defendants’ demurrer to the plaintiff’s petition, by which the following facts appear:
On the 30th of J une, 1899, the post-office at Hartford, Ind., was a post-office of the third class; on the 1st of July, 1899, it became a post-office of the second class. As postmaster, the claimant had furnished the post-office with furniture and letter boxes, and had received the rents while the office belonged to the third class. For the quarter running from the 1st of July to the 30th of September the claimant continued to furnish the furniture and boxes, which were his private property, and was required to pay over the box rents, which he did under objection and protest.- Consequently the defendants have received the rents, amounting to $276.37, derived from the claimant’s boxes without making compensation to him or to any other person for the use of the furniture *502 •and boxes. He sues for a reasonable rent, and alleges that $276.37 is reasonable.
The defendants rely apon section 3860 of the Revised Statutes, which is in these words:
“The Postmaster-General may allow to the postmaster at New York City, and to the postmasters at offices of the first and second classes, out of the surplus revenues of their respective offices' — that is to say, the excess of box rents and commissions over and above the salary assigned to the office— a l’easonable sum for the necessary cost of rent, fuel, lights, furniture, stationery, printing, clerks, and necessary incidentals, to be adjusted on a satisfactory exhibit of the facts, and no such allowance shall be made except upon the order of the Postmaster-General.”
The positions taken by the defendants are that the statute was not obligatory upon the Postmaster-General, but left it at his discretion whether to allow or not to allow “postmasters at offices of the first and second classes ” compensation for “rent, fuel, lights, furniture, stationery, printing, clerks, and necessary incidentals,” and that no such allowance can be made-excopt upon the order of the Postmaster-General.
As to the first proposition, it seems to the court evident that Congress could not have intended that the discretion of the Postmaster-General should go to the extraordinary length of allowing one postmaster a “ l’easonable sum for the necessary cost of rent, fuel, lights, furniture, stationery, printing, clerks, and necessary incidentals” in carrying on the business of his office, and, while having a fund provided by law at his disposal, that he should refuse all reimbursement to another postmaster. The statute, by the term “ may,” allows the Postmaster-General to do justice in these matters to his subordinates, the numerous postmasters of the first and second class offices, and at the same time clearly assumes that the Postmaster-General will exercise the power conferred upon him.
It also seems plain to the court that the last clause of the section — that “no allowance shall be made except upon the order of the Postmaster-General” — was not intended to exclude a second-class postmaster from judicial redress, but to prohibit such allowances from being made by subordinates *503 of the Postmaster-General or by the Auditor for the Post-Office Department.
The judgment of the court is that the demurrer be overruled and that the claimant recover the sum of $276.37, with leave to the defendants to have the judgment set aside and file a traverse to the petition within thirty days.